UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Civil Action No.:
MARK MCLEOD,

                        Plaintiff,                            **AMENDED**
      -against-                                              **VERIFIED COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICER DEREK
OSULLIVAN, shield no. 2845, POLICE OFFICER
RAYMOND WENG, POLICE OFFICER LEON
DINHAM, POLICE OFFICER PETER MOMBRUN,
POLICE OFFICER BISHOP, and
DETECTIVE DOE(S) "1"-"5" (shield numbers unknown),

                        Defendants.
------------------------------------------------------------------------X

## PRELIMINARY STATEMENT

     1.     This is a civil rights action to recover money damages arising out of defendants' violation of plaintiffs' rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff, was falsely arrest, falsely imprisoned and maliciously prosecuted in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff was deprived of his constitutional and common law rights when the individual defendants unlawfully confined the plaintiff, caused the unjustifiable arrest of the plaintiff, and caused the unlawful prosecution of the plaintiff.

## JURISDICTION

     2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is

conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5. Plaintiff Mark McLeod is a resident of Middletown, New York.

6. New York City Police Officer Derek O'Sullivan ("O'Sullivan"), shield number 2845, is and was at all times relevant herein an agent, servant, employee and/or officer of the New York City Police Department.

7. On the date of incident, January 30, 2014, Police Officer O'Sullivan was assigned to the 71st Precinct.

8. Police Officer O'Sullivan is being sued in his individual and official capacity.

9. New York City Police Officer BISHOP ("BISHOP"), shield number presently unknown is and was at all times relevant herein an agent, servant, employee and/or officer of the New York City Police Department.

10. On the date of incident, January 30, 2014, Police Officer BISHOP was assigned to Kings County Hospital.

11. Police Officer BISHOP is being sued in his individual and official capacity.

12. New York City Police Officer LEON DINHAM ("DINHAM"), shield number presently unknown, is and was at all times relevant herein an agent, servant, employee and/or officer of the New York City Police Department.

13. On the date of incident, January 30, 2014, Police Officer DINHAM was assigned to a Precinct presently unknown.

14. Police Officer DINHAM is being sued in his individual and official capacity.

15. New York City Police Officer PETER MOMBRUN ("MOMBRUN") shield number presently unknown is and was at all times relevant herein an agent, servant, employee and/or officer of the New York City Police Department.

16. On the date of the incident, January 30, 2014, Police officer MOMBRUN was assigned to a Precinct presently unknown.

17. Police Officer MOMBRUN is being sued in his individual and official capacity.

18. New York City Detective Doe(s) "1"-"5", shield number presently unknown, are and were at all times relevant herein agents, servants, employees and/or officers of the New York City Police Department.

19. New York City Detectives John Doe(s) shield number presently unknown are and were at all times relevant herein agents, servants, employees and/or officers of the New York City Police Department.

20. On the date of the incident, January 30, 2014, New York City Detectives John Doe(s) were assigned to a Precinct presently unknown.

21. Detectives John Doe(s) are being sued in their individual and official capacity.

22. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and/or officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as agents, servants, employees and/or officers of the New York City Police Department and incidental to the lawful pursuit of their duties as agents, servants, employees and/or officers of the New York City Police Department.

23. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police

force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

24. On January 30, 2014 at approximately 7:00 pm, plaintiff Mark McLeod went to Damian Simmons' house located at 1596 Union Street, in the County of Kings, City and State of New York. Mr. Simmons had been holding money that was owed to the plaintiff.

25. After several inquiries into the money that plaintiff was owed, it became clear that Mr. Simmons was evasive and dodging plaintiff's request. Another friend of Mr. Simmons arrived and it was at that point that Mr. Simmons became extremely hostile with the plaintiff, and pulled a gun out, a .38, on plaintiff Mr. McLeod and stole his phone.

26. As Mr. Simmons would not let plaintiff leave, a struggle ensued between the two and the plaintiff attempted to flee from Mr. Simmons' house.

27. During this struggle and in his attempt to flee/run from Mr. Simmons' house, Mr. Simmons let his dog (a pit-bull) loose on Mr. McLeod. Several shots were then fired, spraying the wall and other areas of the basement. The Plaintiff sustained a gunshot to the face, losing several teeth from the gunshot wound and the dog was killed during this melee. Bleeding profusely, Mr. McLeod managed to escape Mr. Simmons' house.

28. Mr. McLeod in desperate need of medical attention ran to his family's house for aid, which at the time was on St. John street, also in the County of Kings, City and State of New York.

29. His friend, Jimello then rushed him to Kings County Hospital for emergency care.

30. In and out of consciousness at the hospital, he woke up a day later handcuffed to the bed.

31. The bullet was removed from his mouth and he has several teeth missing.

32. Heavily medicated, teeth missing and with tubes down his throat, it is at this time that several officers began questioning him about this incident.

33. Despite his obvious inability to speak and communicate because of the combination of medication and missing teeth, officers persisted in question him and asking to him to write down what happened.

34. He was never read his Miranda rights.

35. And as indicated by the statements taken down by Detective O'Sullivan and Police Officer Weng, he did not want to speak to anyone without an attorney or make any statements. Moreover, he mentioned to the officers that he had the information of an attorney.

36. Upon information and belief, he spent a week at Kings County Hospital handcuffed to his bed.

37. Nearly a week later, Mr. McLeod was discharged from the hospital and transferred to the 71st precinct.

38. He was never explained why he was taken to the precinct or why he was then taken to Central Booking.

39. On or about January 31, 2014, a criminal court complaint appeared the under docket 2014KN007701. Mr. McLeod was never arraigned on that criminal court complaint. However, despite never having been arraigned, he was then indicted under indictment number 01000/2014.

40. On February 11, 2014, Mr. McLeod was arraigned before Justice Vincent Del Giudice and bail was set at $25,000.00. At that time the district attorney "reserved" 710.30 notices. Mr. McLeod could not afford his bail, and was transferred to Riker's Island.

41. At that same appearance, the defense with the People's consent, moved pursuant to 190.50 to dismiss the indictment since Mr. McLeod was never presented with an opportunity to testify. For the next two months, Mr. McLeod was incarcerated in Riker's Island unable to make bail.

42. On March 25, 2014, the matter was presented to a Grand Jury in Kings County.

43. Prior to Mr. McLeod testifying no 710.30 notice(s) were ever served despite the prosecution being aware that Mr. McLeod had given previous statements.

44. However, in that proceeding, Mr. McLeod was vigorously cross-examined by the District Attorney regarding statements he allegedly made to law enforcement officials; a gross violation of statutory and constitutional law.

45. His statements were later served on April 24, 2014 on the superseding indictment. A motion was submitted to set aside this indictment which was granted due to both statutory and constitutional violations, as this indictment also suffered from fatal deficiencies.

46. All the while, Mr. McLeod continued to be incarcerated, accused of several serious crimes he did not commit but had in fact been the victim of.

47. Upon information and belief, the indictment was set aside and Mr. McLeod was given a second opportunity to testify after notices were served properly.

48. Mr. McLeod then testified before a grand jury and they returned a vote of no true bill.

49. After multiple violations of statutory and constitutional law, his matter was dismissed on December 1, 2014.

50. A notice of claim was served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION:
### Violation of the Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

51. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "50" with the same force and effect as if more fully set forth at length herein.

52. Defendants, who were acting in concert and within the scope of their authority, arrested and caused plaintiff Mark McLeod to be imprisoned and criminally prosecuted without probable cause in violation of plaintiffs' right to be free of an unreasonable search and seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION:
### False Arrest and False Imprisonment

53. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "52" with the same force and effect as if more fully set forth at length herein.

54. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York and under the Fourth Amendment to the United States Constitution. Defendants intended to confine the plaintiff and, in fact, confined the plaintiff, and the plaintiff was conscious of the confinement. In addition, the plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

55. Defendants were at all times agents, servants, employees and/or officers acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

56. The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

57. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## THIRD CAUSE OF ACTION:
## Malicious Prosecution

58. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "57" with the same force and effect as if more fully set forth at length herein.

59. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the United States Constitution.

60. Defendants commenced and continued a criminal proceeding against the plaintiff.

61. There was actual malice and an absence of probable cause for the criminal proceeding against the plaintiff for each of the charges for which he was prosecuted.

62. The prosecution and criminal proceedings terminated favorably to the plaintiff.

63. Plaintiff was subjected to a post-arraignment deprivation of liberty sufficient to implicate the plaintiff's Fourth Amendment rights.

64. Defendants were at all times agents, servants, employees and/or officers acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

65. The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

66. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## FOURTH CAUSE OF ACTION:
### Failure to Intervene

67. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "66" with the same force and effect as if more fully set forth at length herein.

68. Defendants had an affirmative duty to intervene on behalf of the plaintiff, whose constitutional rights were being violated in the presence of other officers.

69. Defendants failed to intervene to prevent the unlawful conduct described herein.

70. As a result of the foregoing, the plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subject to false arrest and malicious prosecution, and other physical constraints.

71. Defendants were at all times agents, servants, employees and/or officers acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

72. The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior

73. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## FIFTH CAUSE OF ACTION:
## Negligent Hiring, Retention, Training and Supervision

74. The plaintiffs repeat, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "73" with the same force and effect as if more fully set forth at length herein.

75. The City of New York and its agents, servants, and/or employees acting within the scope of their employment did negligently hire, retain, train and supervise the individual defendants who were unfit for the performance of police duties on January 31, 2014, at the aforementioned location.

76. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

77. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff prays for relief as follows: That the jury find and the Court adjudge and decree that plaintiffs Mark McLeod shall recover compensatory damages in the sum of $2,000,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

    a. That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

    b. That the plaintiff has such other and further relief as the Court shall deem just and proper.

Dated: New York, N.Y.
       May 10, 2016

LAW OFFICE OF MATTHEW B. WALLER

By: _____
MATTHEW B. WALLER
Attorneys for Plaintiff
**MARK MCLEOD**
20 Vesey Street, Suite 500
New York, N.Y. 10007
212-766-4411

## ATTORNEY'S VERIFICATION

**MATTHEW B. WALLER,** an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I have read the annexed **AMENDED VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files. The reason this verification is made by me and not the Plaintiff is that the Plaintiff is not presently in the county wherein I maintain my office.

Dated: New York, N.Y.
       May 10, 2016

_____
MATTHEW B. WALLER

**Index No.:** _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARK MCLEOD,

                            Plaintiff,

  -against-

THE CITY OF NEW YORK, POLICE OFFICER DEREK OSULLIVAN, shield no. 2845, POLICE OFFICER RAYMOND WENG, POLICE OFFICER LEON DINHAM, POLICE OFFICER PETER MOMBRUN, POLICE OFFICER BISHOP, and DETECTIVE DOE(S) "1"-"5",

                            Defendants.

# AMENDED VERIFIED COMPLAINT

**LAW OFFICE OF MATTHEW B. WALLER**
Attorneys for Plaintiff
**MARK MCLEOD**
20 Vesey Street - Suite 500
New York, N.Y. 10007
212-766-4411

*Dated:* _____
    *Signed:* _____

*Service of a copy of the within
is hereby admitted.*

*Dated:* _____

                            *Attorney(s) for*